BOARD OF SUP'RS OF GRENADA COUNTY *et al. v.* STATE EX
REL. KNOX, ATTORNEY-GENERAL.*

(Division A.   Jan. 24, 1927.)

[111 So. 143.   No. 26175.]

1. APPEAL AND ERROR. *Determination on appeal from judgment on de-
   murrer of defensive matter properly presented thereby is con-
   clusive when later presented by pleas.*

   Defensive matter, that petitioner had to plead and prove certain
   thing, being properly presented by demurrer to petition, decision
   adverse to defendant on appeal from judgment sustaining the
   demurrer is conclusive when the same point is thereafter pre-
   sented by pleas.

2. COUNTIES. *County board's refusal of warrant for statutory fees for
   auditing is not justified by item not being listed in current year
   budget (Laws 1924, chapter 325).*

   Refusal of county board of supervisors to issue warrant for fees
   provided by Laws 1924, chapter 325, for auditing, is not justified
   by fact that such item is not listed in the budget for the cur-
   rent year.

*Corpus Juris-Cyc. References; Appeal and Error, 4 C. J., p. 1108, n.
74; Counties, 15 C. J., p. 562, n. 40.

APPEAL from circuit court of Grenada county.
HON. T. L. LAMB, Judge.

Mandamus, on the relation of Rush H. Knox, Attorney-
General, against the board of supervisors of Grenada
county and others.   From an adverse judgment, defend-
ants appeal.   Affirmed.

*W. M. Mitchell* and *Cowles Horton,* for appellant.

Special plea No. 2 raised the question of the right and
power of the board to comply with the demand made
upon it by the auditor for payment of the two hundred
dollars under the budget law, which prohibits the making

of any allowance by it unless that special claim has been provided for by the annual budget; and defendants certainly had the right to have this question properly passed upon and determined.

Let us suppose that which is by no means an unreasonable supposition—that at the time this demand was made upon the board of supervisors of Grenada county, the board not only had not provided for the claim in its annual budget, but that there was actually no money in the treasury to the credit of the general fund out of which it could have been paid. Would it be seriously contended that in that case the citizenship of Grenada county could be legally mulched to the extent of two per cent per month, or part of month, as long as there were no available funds in the treasury subject to payment of this demand? We do not believe that this court will so hold, and yet the appellants were denied the right, if they could, to make such a defense as this in this case, by the ruling of the lower court.

*Morse & Bryan,* for appellee.

From the second special plea the defense is that by reason of the Budget Act, chapter 225, Laws of 1922, the members of the board of supervisors had no authority of law to make appropriation for the two hundred dollars demanded by the auditor and chief inspector for the reason that said sum had not been provided for by the budget of said county which had been made up for the then current year before the demand was made.

Throughout the opinion rendered by this court in the former appeal the fact that the supervisors' duties in the premises were ministerial and not judicial is stressed. If the budget act could be interposed as a defense to a case of this kind where duties are ministerial and mandatory, the very ends of government could not be met.

144 Miss.—45.

If there could be a possible conflict as between the budget act and chapter 326, Laws of 1924, the former would be necessarily amended by implication.

Now as to the small "damages" imposed by the statute: It will be noted that this is specifically provided for in the act and the case of *Moore* v. *Tunica County,* 108 So. 900, 143 Miss. 821, in which this court held that a political subdivision of the state was not liable for interest, does not apply for the reason that in the Moore case the county was not held liable for interest because there was no statute specifically authorizing it. Here the statute makes authorization in plain and unambiguous words. It is a part of the act itself and its reason is both sound and apparent.

Cook, J., delivered the opinion of the court.

This is an appeal from a final judgment of the circuit court of Grenada county directing the issuance of a writ of mandamus commanding the board of supervisors of that county to issue a warrant for two hundred dollars and accrued penalty, in favor of the chief inspector of the state auditing department, under and by virtue of the provisions of chapter 325, Laws of 1924, entitled:

"An act to provide for the inspection, supervision and auditing of public offices, and to establish a uniform system of public accounting and auditing."

This is the second appearance of this case in this court, the opinion on the former appeal being reported in 141 Miss. 701, 105 So. 541, and the allegations of the petition for mandamus, as well as that provision of the said chapter 325, Laws of 1924, are there fully set forth and will not be here repeated. The former appeal was from a judgment sustaining a demurrer challenging the sufficiency of the petition on numerous grounds, and, particularly, on the ground that the said chapter 325, Laws of 1924,

violated several of the provisions of the Constitution of
1890, and it was held that none of the grounds of demur-
rer were well taken, and that the court below erred in
holding the law unconstitutional and sustaining the de-
murrer to the petition, the court there saying that:

"The writ of mandamus was the proper remedy. The
board of supervisors were not given discretion to pass up-
on the question as to whether the demand should be paid
or not. Their duty in the premises was ministerial and
not judicial."

On the remand of the cause, the defendants filed an
affidavit that they had a good and substantial defense
as required by section 755, Code of 1906 (section 538,
Hemingway's Code), accompanying this affidavit with
a plea of the general issue and two special pleas, setting
forth the proposed defense. The first of these special
pleas alleged that, since chapter 325, Laws of 1924, under
which the said auditor and chief inspector made his de-
mand upon the county, makes his right to demand and
collect of any county the sum of two hundred dollars con-
ditional upon his having collected from all sources in
one year not exceeding forty thousand dollars, it was
necessary for the petitioner to allege and prove that said
sum had not been already collected from other sources,
and that it required the payment by said county of said
sum of two hundred dollars to make said total sum of
forty thousand dollars.

The second special plea averred that as representa-
tives of the county, the board of supervisors had no au-
thority of law to make the said appropriation of two hun-
dred dollars at the time and in the manner demanded of
them by the state auditor and chief inspector, for the
reason that the laws of the state prohibit the making of
any appropriation by the said board of supervisors which
has not been provided for in the budget of expenses and
appropriations for the current year; said budget for the
current year having been made up before said demand

was made upon them, and before any liability for said sum of two hundred dollars had, or could have, accrued under the law, and that said demand was made long before the next succeeding current year began, or the budget for the same had been made up, or any tax levy made to take care of same.

The court below passed upon the legal sufficiency of these pleas, and held that they presented no good and substantial defense to the petition, and refused to admit them to be filed, and awarded final judgment directing the issuance of the writ of mandamus as prayed for, and from this judgment this appeal was prosecuted.

The defensive matter alleged in the first special plea would properly be presented by demurrer to the petition, as was done at the first trial of this cause in the court below. At that trial, the exact point was made a ground of demurrer, and, on appeal, it was held that it was not well taken and presented no defense to the petition.

That the averments of the second special plea present no defense to the petition necessarily follows from the views expressed by the court in the case of *Board of Supervisors* v. *Cranford,* 131 Miss. 770, 95 So. 676, in which case the court had under consideration the construction of the requirements of chapter 225, Laws of 1922, known as the "Budget Law," and, upon the point now presented said:

"In our opinion the legislature did not contemplate that all the items of expenditure be published in the county paper. Its purpose is to give the citizens and taxpayers notice of the amounts of the expenditures estimated by the board and the amount of the revenues estimated to be derived from taxation. These budgets are merely estimates. . . . It would be practically impossible to foresee many of the items which are to be paid out. Contracts will have to be let in many cases, and the amount for which they will be let or for which certain expendi-

tures must be made cannot be known with any precise degree of accuracy. The law ought not to be so strictly construed as to make is impracticable to operate under it. The estimate of the budgets of expenditures cannot in all cases be accurate, and at most can only be approximations and should be large enough to take care of the county expenses so long as they do not exceed the estimated source of revenue. The sources of revenue also are more or less uncertain because the assessment rolls may be changed after the budget is required to be published, and it would certainly be unreasonable to require such a strict construction as to impose upon the members of the board the drastic obligations and penalties provided in section 7 or suffer the county affairs to become in such a state of confusion as to seriously cripple the general welfare of the county.''

It follows from these views that the mere fact that this item had not been listed in the budget for the current year is no justification for the failure of the appellants to make the allowance, a duty which we have already held to be purely ministerial and not judicial.

The judgment of the court below will therefore be affirmed.

*Affirmed.*