## MARSHALL COUNTY *v.* BARKLEY.

(Division B. April 10, 1933.)

[147 So. 341. No. 30558.]

Lester **Fant, Sr.,** and **Jr.,** of Holly Springs, for ap-pellant.

**E. C. Wright,** of Holly Springs, for appellant.

200

Smith & Smith, of Holly Springs, for appellee.

Argued orally by **Lester Fant, Sr.,** for the appellant, and **L. A. Smith, Jr.,** for the appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant county had an arrangement with the Department of Agriculture of the United States whereby the general government would supplement the salary of the county commissioner of agriculture, if and when such an agent should be employed by the county. Beginning with the year 1917, appellant continuously employed such an agent, and during the year 1931 appellee was so employed; the county paying to him two thousand, four hundred dollars for the year and the general government supplemented this sum by the additional amount of one thousand dollars. Out of the said sums the county agent was required to pay all his expenses, except that the county furnished him an office at the courthouse.

At the September, 1931, meeting of the board of supervisors when the duty of preparing the county budget for the ensuing year came on to be performed, under chapter 91, Code 1930, there was a clamor among the taxpayers for the reduction of expenses, and the board in fixing the budget for the ensuing year placed the salary and expenses of the said agricultural agent at one thousand dollars. It was found thereafter that this amount would not be agreeable to appellee, unless the general government would substantially increase its supplement. This the agents of the general government in charge of this branch of work declined to do, and the government agent in immediate charge thereupon made tentative arrangements to transfer appellee to an-

other county, where the combined salaries would be acceptable to appellee.

Appellee's contract with appellant county would expire on December 31, 1931, and when at the December, 1931, meeting of the board, it was definitely made known that appellee would not renew his employment and contract for the year 1932 at the sum of one thousand dollars to be paid by the county, the board agreed to raise this sum to one thousand, five hundred dollars in order to retain appellee in the service of the county. This offer was accepted by appellee, and thereupon at said December, 1931, meeting of the board a contract was spread on the minutes employing appellee for the year 1932 at a salary of one hundred twenty-five dollars per month, this sum to include expenses. The board in the same order attempted to increase or amend the budget allowance for the county agent to one thousand, five hundred dollars instead of the one thousand dollars which was placed in the budget for this item at the September, 1931, meeting.

When the new board came into office in January, 1932, they entered an order abolishing the office or employment of a county commissioner of agriculture, or "county agent" as he was termed in said order, and ordered that a warrant for one-twelfth of one thousand dollars be tendered appellee for the month of January, 1932, and that no further payments should be made. Appellee declined to accept the tender, and refused to be thus stripped of his contract for the year, and brought suit to enforce the same. Before the case came on for trial, appellee was employed by the Crop Production Bureau of the United States Department of Agriculture effective April 15, 1932, and by agreement between appellant and appellee the resignation of appellee was accepted by the county as of the date last aforesaid, but without prejudice to the rights of either of the parties in respect to the controverted salary from January 1 to April 15, 1932.

The principal defense of the county is that under the budget law the item of one thousand dollars for the county agent could not be increased at a meeting subsequent to the September, 1931, session of the board; that the attempt of the board to increase this item at the December, 1931, session was void, and that it was therefore not within the legal authority of the board for 1932 to pay more than the one thousand dollars per year, and that when appellee declined to accept the latter sum there was nothing left to the board to do except to abolish the office. There are other defenses interposed by the county which, upon mature consideration, we think are not well taken, and do not require discussion; so that we shall confine this opinion to the important question raised in respect to the budget.

The budget law in its general purpose and effect is a wise piece of legislation and has doubtless saved thousands of dollars to the taxpayers in preventing extravagance, waste, and in many cases losses to the counties which would involve criminal offenses. But it must have been as well known and appreciated by the members of the Legislature in enacting the budget law, as it is by every other reasonable person, that it would require a superhuman foresight on the part of members of the boards to say that for all the varied expenses of a county the board could a year in advance estimate with infallible accuracy exactly what would be required for every item of the numerous outlays which the interests of a sound county government would later require to be made. It will be observed that the language of the budget chapter is not couched in such rigid terms as to make the law a hindrance rather than an aid to good government. Appellant county in adopting its budget in September, 1931, evidently placed the several items as low as it was thought practicable. Appreciating what has above been said that the estimates cannot possibly possess the

quality of infallibility, and that some small matter here and there would probably be underestimated or that unforeseen circumstances would surely arise that might interfere with the functions of a complete county administration unless some allowance or leeway should be provided therefor, the board at its said September, 1931, meeting inserted in the budget this further item or provision, "Miscellaneous Administrative Expenses, two thousand dollars," and the testimony discloses that it was the purpose in inserting this provision to take appropriate precaution, although small in amount, against just such unexpected or subsequently developed contingencies as we have above mentioned. The said miscellaneous item was small in comparison with the total budget, so small that it cannot be for a moment claimed that by means thereof there was an evasion of the purposes of the budget law. The additional five hundred dollars necessary to meet the contract with appellee could be taken out of this miscellaneous or contingent item. It is not shown that the miscellaneous item had otherwise been exhausted or had been drawn upon.

In Du Bose et al., Board of Supervisors, v. Cranford, 131 Miss. 770, 95 So. 676, there was an entire omission to provide in the budget for the salary of the county health officer, although there was a valid existing contract with that officer. The board refused to pay him further on his salary using the budget law as a defense thereto, but the court held that inasmuch as the budget for all the county officers included a sufficient surplus to allow the payment therefrom to the county health officer, the budget law was no defense. The same general principle applies here, and in affirming the decree in this case we might well have contented ourselves with a citation of the Cranford Case. We have written, however, to add that it is valid and legal for the board of supervisors to insert in the budget, as was done in this case, a mis-

cellaneous or contingent item, small in amount, small in percentage as against the total of the budget, to take care of miscalculations, oversights, unexpected contingencies, and the like. This miscellaneous item will be void and inoperative, however, when it is made proportionately so large as to amount to a substantial evasion of the budget law.

Affirmed.